ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| HÉCTOR O. PADILLA CINTRÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | KLRA202400130 | *Revisión* procedente de la Administración de Corrección y Rehabilitación<br><br>Caso Núm.: B705-34082<br><br>Sobre: Clasificación de Custodia |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de mayo de 2024.

Comparece Héctor O. Padilla Cintrón, miembro de la población correccional (en adelante, señor Padilla Cintrón y/o recurrente) mediante un recurso de *Revisión Judicial* para solicitarnos la revisión de la *Resolución* emitida y notificada por el Departamento de Corrección y Rehabilitación (por sus siglas, DCR) el 26 de enero de 2024, notificada el 16 de febrero de 2024, mediante la cual se ratificó la custodia mediana para el señor Padilla Cintrón. Sobre dicha *Resolución,* el 26 de enero de 2024, el DCR no acogió una solicitud de reconsideración.

Por los fundamentos que expondremos, se *desestima* el recurso instado por falta de jurisdicción.

**I**

Conforme se desprende del recurso ante nuestra consideración, el señor Padilla Cintrón se encuentra recluido en la Institución Correccional Ponce Principal extinguiendo una sentencia consolidada, emitida el 27 de enero de 2011, por el Tribunal de Primera Instancia, Sala Superior de San Juan, por el término de 163

Número Identificador

SEN2024_____

años, 7 meses y 6 días. Previo a que se dictara esta sentencia, ya el recurrente había sido previamente sentenciado por el término de 3 años, 7 meses y 6 días. En lo concerniente a esta primera sentencia, el 23 de junio de 2008, se le concedió el privilegio de Libertad a Prueba, pero el mismo le fue revocado el 19 de octubre de 2010. Es decir, el recurrente comenzó su reclusión a partir del 19 de octubre de 2010. Según surge del recurso, el recurrente se encontraba en máxima seguridad, pero fue reclasificado a custodia mediana el 22 de diciembre de 2020.

Así las cosas, el Comité de Clasificación y Tratamiento (por sus siglas, CCT) de la Institución Ponce Principal se reunió para evaluar el caso del recurrente. Producto de dicha reunión, el CCT emitió un *Acuerdo*. Allí, el CCT acordó lo siguiente:

> Se ratifica custodia mediana. Continúe en Fase 4 Sección N Control Verde celda 104. Continuar[á] asignado al curso de Artes Gráficas. Continuar[á] realizando labores en la Cocina. Tratamiento: Se le da seguimiento al referido SPEA. SE DEJA SIN EFECTO LOS CCT DEL 14 diciembre 2010 hasta 19 julio 2013 en relación a la bonificación y se le conceden 623 días de b/adicional del 12 noviembre 2009 al 12 diciembre 2023. Se solicita al DCR le conceda 24 días de B/especial del 1 de diciembre 2018 al 12 agosto 2019 y 99 D[í]as DE B/especial del 12 marzo 2021 al 12 diciembre 2023.

Es menester señalar que conforme se desprende del *Acuerdo*, el CCT expresó los fundamentos para haber llegado a los acuerdos alcanzados.

De ahí, el 26 de diciembre de 2023, el CCT emitió y notificó una *Resolución* de evaluación de custodia mediante la cual se ratificó la determinación de mantener al señor Padilla Cintrón en custodia mediana. Además, se determinó que el recurrente pudiese participar de programas, actividades y tratamientos sin necesidad de medidas de vigilancia extremas.

Insatisfecho con lo resuelto, el 3 de enero de 2024, recibida el 4 de enero de 2024, el recurrente presentó una solicitud de

reconsideración sobre clasificación de custodia, la cual el DCR determinó no acoger el 26 de enero de 2024. Dicha determinación le fue notificada al recurrente el 16 de febrero de 2024.

En desacuerdo, el 13 de marzo de 2024, compareció ante nos el recurrente mediante un recurso de *Revisión Judicial* y esgrimió la comisión de los siguientes dos (2) errores:

1) Erró el CCT al ratificar la custodia mediana al Sr. Padilla Cintrón, utilizando como fundamento la Modificación Discrecional "Gravedad del Delito".

2) Erró el CCT en ratificar la custodia mediana del Sr. Padilla Cintrón utilizando como fundamento la fecha prevista para la Libertad Bajo Palabra.

Junto al recurso apelativo, el recurrente presentó, además, una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia.*

Mediante *Resolución* emitida el 3 de abril de 2024, ordenamos al recurrente a presentar copia de la moción de reconsideración que alegó haber presentado el 3 de enero de 2024, ante la Oficina de Clasificación de Confinados, de forma tal que pudiésemos auscultar nuestra jurisdicción. Se apercibió al señor Padilla Cintrón que, de no someter el documento en el término provisto, procederíamos a desestimar el recurso instado.

El 16 de abril de 2024, se emitió una segunda *Resolución* concediéndole al recurrente un término final e improrrogable hasta el 23 de abril de 2024, para cumplir con lo solicitado previamente. De igual forma, se le dio hasta esa misma fecha al DCR para presentar copia certificada del expediente administrativo número B705-34082. Además, se le otorgó hasta el 29 de abril de 2024 al DCR, a través de la Oficina del Procurador General, para exponer su posición en torno al recurso.

El 17 de abril de 2024, el recurrente presentó un *Escrito en Cumplimiento de Orden Emitida en Resolución.* Por su parte, el 23 de abril de 2024, el DCR, representado por la Oficina del Procurador

General, presentó una *Moción en Cumplimiento de Resolución*. A esos efectos, el 24 de abril de 2024, emitimos una *Resolución* disponiendo que se tenía por cumplida la *Resolución* del 16 de abril de 2024, restando así que la parte recurrida expusiera su posición en torno al recurso instado. De ahí, el 29 de abril de 2024, compareció el DCR, representado por la Oficina del Procurador General mediante *Escrito en Cumplimiento de Resolución*. En su escrito, solicitaron que se confirmara el dictamen recurrido. Con el beneficio de la comparecencia de ambas partes, así como luego de haber revisado el expediente en su totalidad procederemos a exponer el derecho aplicable.

**II**

### A. Revisión Judicial

El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) ha sostenido que, el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico.[1] Para cumplir con ese principio, el artículo 4.006 (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas.[2]

En su Sección 4.2 la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (en adelante, LPAU) instituye un término de carácter jurisdiccional de treinta (30) días para solicitar la revisión judicial de una decisión o resolución final de una

---

[1] *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014); *Picorelli López v. Depto. de Hacienda,* 179 DPR 720, 736 (2010).
[2] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y(c), Art. 4.006; *Asoc. Condómines v. Meadows Dev., Id.*

agencia administrativa.[3] Dicha sección provee que este plazo comienza a partir de la fecha en que se archive en autos la notificación de la resolución o desde la fecha en que se interrumpa ese término mediante la oportuna presentación de una moción de reconsideración según dispone la Sección 3.15 de la LPAU.[4] Además, dicha sección dispone que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[5]

Por su parte, la Sección 3.15 dispone en torno a la reconsideración lo siguiente:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. **La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso.** Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.
Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará

---

[3] Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 de 30 de junio de 2017, según enmendada, Secc. 4.2, 3 LPRA § 9672; *Asoc. Condómines v. Meadows Dev.*, *Id.*
[4] 3 LPRA § 9655, Secc. 3.15; *Asoc. Condómines v. Meadows Dev.*, *Id.*
[5] 3 LPRA § 9672, Secc. 4.2.

a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda.[6] (Énfasis suplido).

A su vez, la Regla 57 del Reglamento de este Tribunal estatuye lo relacionado al término para presentar un recurso de revisión ante este foro apelativo. Dicha regla dispone lo siguiente:

> El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación el término se calculará a partir de la fecha del depósito en el correo.[7]

### B. Falta de Jurisdicción Debido a Recurso Tardío

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración.[8] Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela.[9] Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".[10] Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[11] De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias.[12]

---

[6] 3 LPRA § 9655, Secc. 3.15.

[7] 4 LPRA Ap. XXII-B, R. 57.

[8] *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020); *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *AAA v. UIA*, 199 DPR 638, 651-52 (2018).

[9] *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).

[10] *Torres Alvarado v Madera Atiles, supra,* 500; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, Id.*

[11] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).

[12] *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles, supra; Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Fuentes Bonilla v. ELA*, 200 DPR 364, 372 (2018).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes.[13] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[14] De lo contrario, cualquier dictamen en los méritos será nulo y, por ser ultra vires, no se puede ejecutar.[15] Es decir, una sentencia dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente.[16]

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardíamente. Lo anterior, debido a que, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción.[17] Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo.[18]

Un recurso de revisión tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro.[19]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[20] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso o denegar un auto discrecional cuando este foro carece de jurisdicción.

---

[13] *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019).

[14] 4 LPRA Ap. XXII-B, R. 83; *Yumac Home Furniture v. Caguas Lumber Yard*, 194 DPR 96, 107 (2015); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

[15] *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007).

[16] *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921-922 (2000).

[17] *Yumac Home Furniture v. Caguas Lumber Yard, supra.*

[18] Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008).

[19] *Yumac Home Furniture v. Caguas Lumber Yard, supra.*

[20] 4 LPRA Ap. XXII-B, R. 83 (C).

**III**

Expuesto el marco teórico, procedemos a resolver en consideración al mismo. El recurrente esgrimió dos (2) errores en su recurso de *Revisión Judicial*. Sin embargo, como cuestión de umbral, antes de entrar a los méritos del recurso mediante la discusión de los errores señalados, debemos atender el aspecto jurisdiccional. Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[21] Sabido es que, la LPAU, así como nuestro Reglamento, nos facultan para revisar las decisiones, resoluciones y providencias finales dictadas por organismos o agencias administrativas en sus funciones adjudicativas delegadas.

El Tribunal Supremo ha reiterado que el aspecto jurisdiccional es el primer factor por considerar en toda situación jurídica que se presente ante un foro adjudicativo.[22] Esto se debe a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración.[23] Si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[24] Es decir, procede la inmediata desestimación del recurso apelativo según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos.[25]

Un minucioso examen del recurso de *Revisión Judicial* que nos ocupa, incluyendo la revisión de los documentos provistos por el recurrente, así como el expediente administrativo presentado por el

---

[21] *AAA v. Unión Abo. AAA, supra.*
[22] *Torres Alvarado v. Madera Atiles, supra.*
[23] Torres Alvarado *v. Madera Atiles, Id*; *Ruiz Camilo v. Trafon Group, Inc., supra*; *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012); S.L.G. *Szendrey-Ramos v. F. Castillo, supra*, 883.
[24] Torres Alvarado *v. Madera Atiles, Id.*, 501; *Ruiz Camilo v. Trafon Group, Inc., Id.*, 269; *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
[25] Torres Alvarado *v. Madera Atiles, Id.*; *Ruiz Camilo v. Trafon Group, Inc., Id.*; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

DCR, inmediatamente revelan que este no cumple con los requisitos exigidos por nuestro ordenamiento jurídico para entender que tenemos jurisdicción para atenderlo. Esta situación, definitivamente, impide el ejercicio de nuestra facultad revisora. Indubitadamente se desprende que, nos encontramos impedidos de atender el recurso en cuestión porque el mismo fue presentado tardíamente. Este recurso fue radicado fuera del término de treinta (30) días dispuesto para ello. Este defecto procesal tiene la irremediable consecuencia de impedir que podamos ejercer nuestra función revisora. La falta de un perfeccionamiento adecuado del recurso de *Revisión Judicial* incide directamente en nuestra autoridad y jurisdicción para atenderlo. Siendo ello así, y a la luz de la normativa antes expuesta, queda claro que carecemos de autoridad para adjudicar la controversia traída ante nuestra consideración. Nos explicamos.

El **26 de diciembre de 2023**, el CCT emitió y notificó una *Resolución* de evaluación de custodia mediante la cual ratificó la determinación de mantener al señor Padilla Cintrón en custodia mediana. A tales efectos, el 3 de enero de 2024, recibida el **4 de enero de 2024**, el recurrente inició un proceso de reconsideración sobre clasificación de custodia. El recurrente presentó su solicitud de reconsideración dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la *Resolución* que dispone la Sección 3.15 de la LPAU.

Sin embargo, no fue hasta el **26 de enero de 2024**, que el DCR determinó no acoger la solicitud de reconsideración. Dado a que la solicitud de reconsideración fue recibida el 4 de enero de 2024, **el DCR tenía hasta el 19 de enero de 2024, para determinar si iba a acogerla**. Sin embargo, no fue hasta el 26 de enero de 2024, es decir, siete (7) días después de la fecha límite, que el DCR informó que no acogería dicha solicitud. La Sección 3.15 de

la LPAU dispone que la agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Cabe destacar que, dicha determinación le fue notificada al recurrente el 16 de febrero de 2024.

La Sección 3.15 de la LPAU establece que si la agencia rechazare de plano o no actuare dentro de los quince (15) días, el término de treinta (30) días para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria **o desde que expiren esos quince (15) días**, según sea el caso. Por consiguiente, **el recurrente tenía treinta (30) días a partir del 20 de enero de 2024,** para presentar su recurso ante este Tribunal, es decir el término expiraba el **18 de febrero de 2024**. No obstante, por el día 18 ser domingo y el 19 ser un día feriado**, el término expiraba** el próximo día laborable, entiéndase **el 20 de febrero de 2024.** Sin embargo, no fue hasta el **13 de marzo de 2024,** que el recurrente acudió ante este Tribunal mediante un recurso de *Revisión Judicial.* Por consiguiente, precisa resolver que la comparecencia del recurrente fue una tardía. Siendo así, carecemos de jurisdicción para atender la controversia que propone.

**IV**

Por los fundamentos que anteceden, se *desestima* el recurso instado por falta de jurisdicción.

Notifíquese al DCR, quien deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde se encuentre.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones